# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| ROBERT L. ALLUM, <br><br> Plaintiff, <br><br> vs. <br><br> STATE of MONTANA, MONTANA STATE FUND, DEPARTMENT OF LABOR, ANNA PUDELKA, MELISSA QUALE, ESQ., THOMAS E. MARTELO, ESQ., WILBUR PINO, M.D., and DOES 1-100, <br><br> Defendants. | CV-19-12-BU-BMM-KLD <br><br><br> O<small>RDER</small> |

Plaintiff Robert Allum filed a complaint alleging various claims against the State of Montana, Montana State Fund, Anna Pudelka, Melissa Quale, Thomas Martelo, and Wilbur Pino (collectively "Defendants"). Allum suffered a workplace injury and his claims arise out of the handling of his claim for workers' compensation benefits.

Allum filed an Amended Complaint (Doc. 14) on April 8, 2019. Defendants filed a second Motion to Dismiss for lack of jurisdiction and failure to state a claim. (Doc. 15). United States Magistrate Judge Jeremiah Lynch entered Findings and Recommendations on July 3, 2019. (Doc. 24). Judge Lynch

1

recommended granting, in part, and denying, in part, Defendants' motions. Specifically, Judge Lynch recommended that Allum's Sixth Claim for Relief should be dismissed for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1). Judge Lynch also recommended that Allum's Second, Fourth, and Fifth claims should be dismissed for failure to state a claim. Judge Lynch recommended denying Defendants' motion to dismiss with respect to Allum's due process claims in his First and Second Claims for Relief.

Allum and Defendants both filed timely objections to Judge Lynch's Findings and Recommendations. (Doc. 25, 27). The Court now considers these objections and reviews the Findings and Recommendations. For the reasons articulated below, the Court adopts in full Judge Lynch's Findings and Recommendations.

## DISCUSSION

The Court reviews de novo the portions of the Findings and Recommendations to which either party objects. 28 U.S.C. § 636(b)(1)(C). The Court reviews for clear error any portion to which no party specifically objected. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

### A. Allum's Objections

Allum objects to the statement in the Findings and Recommendations regarding the Defendants' lack of response to Allum's constitutional challenges. The Court agrees that the "Constitutional Challenges" mirror claims in the remainder of Plaintiff's Complaint. Judge Lynch thoroughly addressed Allum's First, Second, Third, Fourth, Fifth, and Sixth Claims for relief. Allum does not point to any specific claim that was not addressed in the Findings and Recommendations.

**B. State's Objections**

The Magistrate Judge dismissed Sixth Claim for Relief due to lack of jurisdiction because the Montana Workers' Compensation Court possesses exclusive jurisdiction over an award of workers' compensation benefits under Mont. Code Ann. § 39-71-205. The State agrees with this conclusion, but objects to the Magistrate Judge's conclusion that the Court possesses jurisdiction over the remaining claims. The Magistrate Judge concluded that Allum's remaining five claims "do not expressly seek a redetermination of his works' compensation benefits, or an award of those benefits." (Doc. 24 at 11).

Under Montana law, "the workers' compensation judge has exclusive jurisdiction to make determinations concerning disputes" concerning an award of workers' compensation benefits. Mont. Code Ann. § 39-71-2905(1). This Court

lacks jurisdiction to hear any claim arising from a dispute or determination of workers' compensation benefits. *Moreau v. Transp. Ins. Co.*, 342 P.3d 3, 12 (Mont. 2015).

The Workers' Compensation Court in *Larson v. Mont. State Fund*, 2011 MTWCC 8, found that "despite Larson's claim to the contrary, he is seeking benefits." The claimant in *Larson* specifically asked for medical benefits and the Workers' Compensation Court found that if the claimant prevailed in his petition, the State Fund would be liable for his medical benefits. *Id.* at ¶ 6.

The Court must look to Allum's Complaint and his requests for relief. Defendants object to Judge Lynch's recommendation to retain jurisdiction over five of Allum's claims for relief. Allum's First Claim for Relief asserts that his due process rights were violated through certain processes used by the Defendants. (See, e.g. Doc. 14 at 29). Allum's Second Claim for Relief alleges equal protection and procedural due process violations. The Magistrate Judge determined that Defendants were entitled to qualified immunity as to Allum's equal protection claim. (Doc. 24 at 17).

Allum points to problems with the Workers' Compensation Act's definition of treating physician and alleges his functional capacity evaluation was problematic. (Doc. 14 at 37-38). Allum's Third Claim for Relief alleges that

4

Defendants violated his privacy by transmitting medical records not relevant to his work injury to a medical provider. (Doc. 14 at 44). Allum's Fourth Claim for Relief alleges that he was exploited as a senior citizen. The Magistrate Judge agreed with Defendants that Mont. Code Ann. § 45-6-333 does not provide Allum a private cause of action, and recommended that it be dismissed. (Doc. 24 at 18). Allum's Fifth Claim for Relief alleges actual and constructive fraud. Similarly, the Magistrate Judge determined that Allum's Fifth Claim for Relief did not state viable claims of fraud upon which relief could be granted. (Doc. 24 at 20).

The Court agrees with the Findings and Recommendations that the remaining five counts do not expressly seek an award or redetermination of Allum's workers' compensation benefits. Allum's remaining claims focus on the conduct of various Defendants and alleges that the Defendants, as state actors, infringed on his constitutional rights. Allum requests compensatory and punitive damages for the alleged violations of his constitutional rights. (*See, e.g.* Doc. 14 at 34-35). The Court retains jurisdiction over these constitutional claims under 42 U.S.C. § 1983 and retains supplemental jurisdiction over Allum's state law claims. *See Gale v. SAIF Corp.*, 2019 WL 2488719, *7 (D. Or. March 15, 2019).

**IT IS ORDERED**:

1. Judge Lynch's Findings and Recommendations (Doc. 24) are **ADOPTED IN FULL.**

2. The State's 12(b)(1) Motion to Dismiss (Doc. 15) is **DENIED**, in part, and **GRANTED**, in part. Allum's Sixth Claim for relief is **DISMISSED** for lack of jurisdiction.

3. The Defendant's Fed. R. Civ. P. 12(b)(6) Motion (Doc. 15) is **GRANTED**, in part, and Allum's Second Claim for Relief alleging a violation of his equal protection rights, his Fourth Claim for Relief alleging the exploitation of a senior citizen, and his Fifth Claim for Relief alleging fraud and constructive fraud are **DISMISSED**. Defendants' motion to dismiss is **DENIED** with respect to Allum's due process claims and his First and Second Claims for Relief.

DATED this 3rd day of December, 2020.

Brian Morris
United States District Court Judge