IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| ROBERT L, ALLUM, | CV-19-12-BMM-KLD |
| Plaintiff, | |
| vs. | ORDER |
| STATE OF MONTANA, MONTANA STATE FUND, DEPARTMENT OF LABOR, ANNA PUDELKA, MELISSA QUALE, THOMAS E, MARTELLO, WILBUR PINO, and DOES 1-100, | |
| Defendants. | |

## BACKGROUND

United States Magistrate Judge Kathleen DeSoto entered Findings and

Recommendations on July 10, 2020. (Doc. 66.) Magistrate Judge DeSoto

recommends that the Court grant Defendants' Motion for Summary Judgment

(Doc. 56), deny Plaintiff Robert L. Allum's ("Allum") Motion for Reconsideration (Doc. 50) and Motion for Leave to File Petition for Writ of Mandamus (Doc. 54).

The Court reviews de novo Findings and Recommendations timely objected to. 28 U.S.C. § 636(b)(1). The Court reviews for clear error the portions of the Findings and Recommendations to which no party specifically objects. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Allum filed a 35-page objection. (Doc. 70.) Considering Allum's *pro se* status, the Court will liberally construe his objections and, in essence, review *de novo* Judge DeSoto's Findings and Recommendations in their entirety.

## ANALYSIS

**I.    Judge DeSoto properly applied the doctrine of *res judicata* to Allum's claims.**

Allum made a number of "Constitutional Challenges" in the introductory section of his pleading. (Doc. 14 at 6-23.) In addressing those "Challenges," Judge DeSoto ultimately determined that summary judgment was warranted because of *res judicata*. Judge DeSoto noted that federal courts apply *res judicata* to state court decision the same way that state court would apply *res judicata*. (Doc. 66 at 20.) She noted that Montana law has four elements for *res judicata*:

> (1) the parties or their privies are the same; (2) the
> subject matter of the present and past actions is the same;
> (3) the issues are the same and relate to the same subject
> matter; (4) the capacities of the parties are the same [in

reference] to the subject matter and the issues between them.

(*Id.* at 21 (quoting *Wiser v. Mont. Bd. of Dentistry*, 251 P.d 657, 677 (Mont. 2011).) Judge DeSoto then found that all of the elements were met because of Allum's state action covering the same incident. That action began in the Worker's Compensation Court and went on appeal to the Montana Supreme Court, which held that Allum had waived any chance to bring a constitutional challenge. Judge DeSoto recommended granting summary judgment on all of Allum's "Constitutional Challenges." (*Id.*)

Allum objects to this recommendation on three bases. First, he claims his judgment in the state court action was not final because Allum's petition for rehearing was currently pending before the Montana Supreme Court. This objection fails because the Montana Supreme Court has since denied that petition. (*See* Doc. 68 at 4.) Thus, even if Judge DeSoto incorrectly stated that there was a final judgment at the time she made her recommendation, now there is a final judgment. Second, Allum objects to this recommendation because the Montana Supreme Court disposed of his appeal with a memorandum opinion, which under Montana's Supreme Court operating rules "shall not be cited and does not serve as precedent." (Doc. 70 at 14.) This objection fails because the Montana Supreme Court's operating rules state that memorandum decision do not serve as precedent,

"but may be cited when relevant to establishing the application of law of the case, res judicata, or collateral estoppel." (Doc. 71 at 4.)

Allum's third objection stems from this Court's previous order (Doc. 38), which stated that this Court had jurisdiction to hear some of Allum's § 1983 claims. This objection fails for a number of reasons, but primarily because Judge DeSoto did not recommend summary judgment on Allum's § 1983 claims because of *res judicata*. She did so for other reasons. (Doc. 66 at 12-18.)

## II.   Judge DeSoto properly applied the doctrine of sovereign immunity.

Judge DeSoto found that Defendants State of Montana, Montana Department of Labor and Industry, and Montana State Fund all may assert sovereign immunity under the Eleventh Amendment. (Doc. 66 at 9.) She also found that Defendants Pudelka, Quale, Martello, and Pino were all entitled to sovereign immunity for suits brought against them in their official capacity. (*Id.*)

Allum objects to Judge DeSoto's findings for the following reasons:

1. The State of Montana and Department of Labor and Industry remain proper parties for any declaratory or injunctive relief;

2. Defendants Pudelka, Quale, Martello, and Pino are not entitled to sovereign immunity because they cannot prove they are employees of the State;

3. Allum seeks prospective injunctive relief, not retrospective relief as Judge DeSoto found, because his state court action remains ongoing.

Allum's objections fail for the following reasons:

1. The exception to sovereign immunity for suits seeking prospective relief does not apply to state's or state agencies. *See Papasan v. Allain*, 478 U.S. 265, 276 (1986);

2. Defendants have offered undisputed proof that Pudelka (Doc. 58 at 2), Quale (Doc. 58 at 8) and Martello (*see* Doc. 57 at 9) were state employees. Judge DeSoto's order incorrectly stated that Pino was a state employee, but claims against him will be dismissed for other reasons explained below.

3. Allum's state court action is no longer on-going.

Allum also objects to the Montana State Fund receiving sovereign immunity. He objects on the basis that the State Fund is not an arm of the state. His objection fails because the Montana State Fund is an arm of the state.  To determine whether a governmental agency is an arm of the state, the following factors must be examined: [1] whether a money judgment would be satisfied out of state funds; [2] whether the entity performs central governmental functions; [3] whether the entity may sue or be sued; [4] whether the entity has the power to take property in its own name or only the name of the state; and [5] the corporate status of the entity. *See Sato v. Orange Cty. Dep't of Educ.*, 861 F.3d 923, 928-29 (9th Cir. 2017). This Court "must examine these factors in light of the way [Montana] law treat the governmental agency." *Belanger v. Madera Unified Sch. Dist.*, 963 F.2d 249, 251 (9th Cir. 1992).

The first factor is "the predominant factor." *Beentjes v. Placer Cty. Air Pollution Control Dist.*, 397 F.3d 775, 778 (9th Cir. 2005); *Belanger*, 963 F.2d at

5

251. Courts have given this first factor significant weight because "the impetus of the Eleventh Amendment is the prevention of federal-court judgments that must be paid out of a state's treasury." *Savage v. Glendale Union High Sch., Dist. NO. 205, Maricopa Cty.*, 343 F.3d 1036, 1041 (9th Cir. 2003); *Hess v. Port Auth. Trans-Hudson Corp.*, 513 U.S. 30, 48 (1994) (recognizing "the prevention of federal-court judgments that must be paid out of a State's treasury" as "the impetus for the Eleventh Amendment"); *Hess*, 513 U.S. at 48 (collecting cases).

The first factor weighs in favor of sovereign immunity. The Montana Supreme Court has recognized that the Montana state comprehensive insurance plan, not the State Fund itself, pays judgments against the State Fund. *See Birkenbuel v. Mont. State Compensation Ins. Fund*, 687 P.2d 700, 704 (Mont. 1984). The state comprehensive insurance plan "is funded by appropriations from the legislature." *Id.*; *see* Mont. Code Ann. § 2-9-201(1) (requiring the Department of Administration to acquire insurance for protection of the state); Mont. Code Ann. § 2-9-202(1) (stating that costs of all insurance purchased under § 2-9-201 must come from the legislature). Thus, "blameless taxpayers bear the brunt of" judgments against the State Fund. *Birkenbuel*, 687 P.2d at 704.

The second factor—whether the entity performs central governmental functions—weighs in favor of sovereign immunity. The analysis for this factor focuses on whether the State Fund addresses "a matter of statewide rather than

local or municipal concern." *Belanger*, 963 F.2d at 253; *Beentjes*, 397 F.3d at 782. The Court must also look to "the extent to which the state exercises centralized governmental control over the entity." *Savage*, 343 F.3d at 1044; *Beentjes*, 397 F.3d at 782.

The State Fund addresses statewide matters and has little or no connection to local or municipal matters. Montana law states that it is the public policy of "this state" to "provide, without regard to fault, wage-loss and medical benefits to a worker suffering from a work-related injury or disease." Mont. Code Ann. § 39-71-105(1). Further, the State Fund operates on a statewide level and is required "to insure any employer in this state who requests coverage." *Id.* § 39-71-2313(1).

The State of Montana also exercises extensive centralized governmental control over the State Fund. The Governor appoints all State Fund executive board members, who control and manage the State Fund. *Id.* § 2-15-1019(4); *id.* § 39-71-2315. Those members must then be confirmed by the Montana Senate. *Id.* § 2-15-1019(7); *see* Mont. Code Ann. § 2-15-124(3). Montana law also requires the appointment of two legislative liaisons to the board. *Id.* § 2-15-1019(8). These liaisons must be members of the Economic Affairs Interim Committee, a joint committee of the Montana House and Senate. *Id.* These liaisons have a statutory right to attend meetings and receive information related to board meetings. *Id.* 2-15-1019(10)(a), (b). Given the statewide nature of the State Fund's operations and

7

the extensive centralized control of the State Fund, the second factor weighs in favor of sovereign immunity.

The third factor—whether the entity can sue and be sued—weighs against sovereign immunity, but does not prove dispositive. The State Fund has the power to "sue and be sued." Mont. Code Ann. § 39-71-2316(1)(b). That said, the Ninth Circuit has recognized that this factor "deserves some consideration, [but] this factor is entitled to less weight than the first two factors." *Belanger*, 963 F.2d at 254.

The fourth factor and fifth factors—whether the entity can own property in its own name and the entity's corporate status—weigh against immunity, but not by much. Montana state law recognized that the State Fund may acquire "property and securities," but requires that the State Fund use this property or security "exclusively for the operations and obligations of the State Fund. Mont. Code Ann. § 39-71-2320. Montana law also states that the State Fund "is a nonprofit, independent public corporation." Mont. Code Ann. § 39-71-2313(1). The corporate status may by definition be "independent," but the centralized government control of the State Fund undercuts of that "independent" status.

In sum, the "predominant" factor, which focuses on the entire impetus behind the Eleventh Amendment immunity, weighs in favor of immunity. Further, the second factor, which the Ninth Circuit has explicitly accorded more weight

8

than the third, weighs in favor of immunity and undercuts the alleged corporate

status, or fifth factor. On top of all that, the Montana Supreme Court has explicitly

referred to the Montana State Fund as a state agency. *See Birkenbuel*, 687 P.2d at

704. With that in mind, the Court finds that the Montana State Fund is an arm of

the state and rejects Allum's objection on this basis.

**III.    Judge DeSoto properly recommended summary judgment for Allum's § 1983 claims.**

Judge DeSoto recommended granting summary judgment against Allum for

his § 1983 claims. She determined that he had failed to provide "any evidence" that

he had a substantive due process right violated and that the undisputed evidence

showed that Allum received the process he was due under the Act. (Doc. 66 at 14.)

In response, Allum largely just claims that Judge DeSoto got the facts wrong and

restates the facts he believe are on his side. All of these were available to Judge

DeSoto at the time she issued her ruling. Having reviewed the claims *de novo*

nonetheless, the Court adopts Judge DeSoto's recommendation related to the §

1983 claims.

**IV.    Judge DeSoto properly recommended summary judgment for Allum's claim related to HIPAA and the Montana Uniform Health Care Information Act.**

Judge DeSoto recommended dismissing this claim for violations of HIPAA

and the Montana Uniform Health Care Information Act. She recognized that

neither statute provides Allum with a private right of action. Allum objects, but

cites nothing that shows either statue provides him with a private right of action. The Court adopts Judge DeSoto's recommendation.

**V.    Allum has 14 days to show good cause for not serving Defendant Pino.**

Judge DeSoto recommended dismissing this case entirely. The summary judgment motion, however, was not brought on behalf of Defendant Wilbur Pino. The Court has no record that Pino was ever served. "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Court will give Allum 14 days to show good cause for not serving Pino.

**ORDER**

Accordingly, **IT IS ORDERED** that:

1. Judge DeSoto's Findings and Recommendations (Doc. 66) are **ADOPTED**, **IN PART**. The Court does not adopt her recommendations to the extent the recommend dismissing the case against Defendant Wilbur Pino.

2. Defendants' Motion for Summary Judgment (Doc. 56) is **GRANTED**.

3. Allum's Motion for Reconsideration (Doc. 50) and Motion for Leave to File Petition for Writ of Mandamus (Doc. 54) are **DENIED**, **AS MOOT**.

4. The case is **DISMISSED** as to all Defendants except Wilbur Pino.

10

Dated the 27th day of August, 2020.

_____
Brian Morris, Chief District Judge
United States District Court