IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| **ROBERT L. ALLUM**, <br><br> Plaintiff, <br><br> vs. <br><br> **STATE OF MONTANA, MONTANA STATE FUND, DEPARTMENT OF LABOR, ANNA PUDELKA, MELISSA QUALE, THOMAS E. MARTELLO, WILBUR PINO**, and **DOES 1-100**, <br><br> Defendants. | CV-19-12-BMM-KLD <br><br> ORDER |

BACKGROUND

This Court entered an Order in this matter on August 27, 2020, adopting in part the Findings and Recommendations of Magistrate Judge Kathleen DeSoto. (Doc. 72). Judge DeSoto made several findings regarding Defendants' Motion for Summary Judgment (Doc. 56), and ultimately recommended dismissing this case entirely. (Doc. 66). Defendants' Motion for Summary Judgment was not brought on behalf of Defendant Wilbur Pino, however, and the Court had no record that Defendant Pino ever had been served in this matter. *See* Fed. R. Civ. P. 4(m). The Court therefore adopted in part the Findings and Recommendations of Judge

DeSoto, and declined to adopt her recommendation to dismiss the case against Defendant Pino. (Doc. 72). The Court gave Plaintiff Allum 14 days to provide the Court with good cause for not having served Defendant Pino. (Doc. 72 at 10).

Allum filed a Notice of Appeal of this Court's August 27, 2020 Order adopting in part Judge DeSoto's Findings and Recommendations. (Doc. 73). Allum then filed a Motion and Affidavit for Permission to Proceed In Forma Pauperis with this Court on September 23, 2020. (Doc. 74). The Court must now address Allum's failure to show good cause for not having served Defendant Pino and the ramifications of that oversight, and whether the Court certifies that Allum's appeal of the August 27, 2020 Order is taken in good faith. *See* Fed. R. App. P. 24(a)(3)(A).

## ANALYSIS

**I. Failure to Serve.**

Fed. R. Civ. P. 4(m) provides, "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

This Court provided notice to Allum, informing him of the 14-day deadline for providing the Court with good cause for Allum's failure to serve Defendant Pino. (Doc. 72 at 10). Allum has failed to provide the Court with good cause for

failing to serve Defendant Pino within the time provided by the Court's August 27, 2020 Order (Doc. 72). The Court deems it proper to dismiss Defendant Pino without prejudice based upon Allum's failure to serve. Fed. R. Civ. P. 4(m). The Court's present decision to dismiss the final remaining defendant, together with the August 27, 2020 Order adopting in part Judge DeSoto's recommendations for Defendants' Motion for Summary Judgment (Doc. 56), requires the Court to dismiss the remainder of this case and direct the Clerk of Court to enter judgment accordingly.

## II. Motion to Proceed In Forma Pauperis.

Allum filed a Motion to Proceed In Forma Pauperis on appeal on September 23, 2020. (Doc. 74). A party who has been permitted to proceed in forma pauperis in the underlying district court action may proceed in turn in forma pauperis on appeal. Fed. R. App. P. 24(a)(3). Allum has not previously been granted in forma pauperis status, however, so this Court must consider his request under Fed. R. App. P. 24(a)(1).

Fed. R. App. P. 24(a)(1) provides that "a party to a district court action who desires to appeal in forma pauperis must file a motion in the district court," and attach an affidavit. The affidavit must:

    (A) show[] in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;

    (B) claim[] an entitlement to redress; and

(C) state[] the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1). If the district court grants the motion, the moving party may proceed on appeal without prepaying or giving security for fees and costs, unless a statute provides otherwise. Fed. R. App. P. 24(a)(2). A party may not proceed in forma pauperis where "the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding." Fed. R. App. P. 24(a)(3)(A).

Fed. R. App. P. 24 is analogous to 28 U.S.C. § 1915(a)(3), which provides, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." *See Barkeij v. Ford Motor Co.*, 230 F.2d 729, 731 (9th Cir. 1956) (applying 28 U.S.C. § 1915(a) to deny petitioner's motion to proceed in forma pauperis where a district court certified the appeal as frivolous). The good faith standard is an objective one. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (quoting *Coppedge*, 369 U.S. at 445). For purposes of § 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984). "[T]o determine that an appeal is in good faith, a court

need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000).

This Court cannot make a determination on the good faith or frivolity of Allum's appeal because Allum failed to "state[] the issues [he] intends to present on appeal" in his affidavit accompanying his Motion to Proceed In Forma Pauperis (Doc. 74). *See* Fed. R. App. P. 24(a)(1)(C). The Federal Rules of Appellate Procedure require Allum to include those issues that he intends to appeal in the appendix attached to the Motion to Proceed In Forma Pauperis. This requirement allows the Court to evaluate whether to grant Allum's motion, allowing him to proceed on appeal, or to deny Allum's motion and certify that his appeal is not taken in good faith. Fed. R. App. P. 24(a)(2), 24(a)(3)(A). Allum must correct the affidavit for compliance with Fed. R. App. P. 24(a)(1), and file it in support of his Motion to Proceed In Forma Pauperis, on or before October 26, 2020.

## ORDER

Accordingly, **IT IS ORDERED**:

1. Defendant Pino is **DISMISSED WITHOUT PREJUDICE** based upon Allum's failure to serve.

2. Allum must complete an affidavit which complies with Fed. R. App. P. 24(a)(1), and file that corrected affidavit in support of his Motion to

Proceed In Forma Pauperis (Doc. 74) with this Court on or before October 26, 2020.

3.  This case will be **DISMISSED** once Allum files the corrected affidavit in support of his Motion to Proceed In Forma Pauperis (Doc. 74) and the Court has ruled on his motion.

Dated this 29th day of September, 2020.

_____
Brian Morris, Chief District Judge
United States District Court